CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
12/19/2025
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CONNOR S. ROSS, MEGAN M. ROSS, and LAUREN A. ROSS, | ) ) ) |
| Plaintiffs, | ) Case No. 4:25-cv-00022 |
| v. | ) **MEMORANDUM OPINION** ) |
| NORRIS FUNERAL SERVICES, INC., | ) By: Hon. Thomas T. Cullen ) United States District Judge |
| Defendant. | ) |

Kenneth Ross ("Mr. Ross") died on March 15, 2023. He was unmarried at the time, but he was survived by his three children: Connor, Megan, and Lauren Ross ("the Rosses"). At the time of his death, Mr. Ross was living with his friend and caretaker, Sue Ann Amaya ("Ms. Amaya"). She arranged with Norris Funeral Services, Inc. ("Norris") to have Mr. Ross's remains cremated. According to the Rosses, Norris did so without verifying that Ms. Amaya had the lawful authority to arrange for the care and disposal of Mr. Ross's remains. As it turns out, at the time Ms. Amaya contracted with Norris regarding Mr. Ross's remains, she had not been—and would not ever be—designated as the executor or administrator of Mr. Ross's estate and, as she was not his wife, had no lawful authority to have him cremated (or anything else).

In March 2025, the Rosses sued Norris in the Circuit Court for the City of Danville, alleging that Norris acted negligently and violated their right to control the care and disposal of their deceased father's remains. Norris removed the action to this court and has now filed a motion to dismiss the Rosses' complaint, arguing that the Rosses' claim of invasion of quasi-

property rights in their father's remains is not a viable cause of action on its own, and that they have otherwise failed to state a claim for negligence, recklessness, and/or gross negligence.

But as the court explains below, the law certainly implies a cause of action on the facts alleged. Accordingly, the court will deny Norris's motion.

### I.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Following Mr. Ross's death on March 15, 2023, Ms. Amaya contracted with Norris to cremate Mr. Ross's remains and provide other professional funeral services. (Compl. ¶ 2–3 [ECF No. 1-2].) Ms. Amaya "never served as an Executor or Administrator of [Mr. Ross's] estate[;]" rather, Mr. Ross's sister, Sharon Daniels, later qualified as the Administrator of Mr. Ross's estate on August 10, 2023. (*See id.* Ex. B.) The Rosses contend that Norris should have—but did not—require Ms. Amaya to provide some proof that she was legally authorized to arrange for the disposal of his remains before cremating Mr. Ross's body. (*See id.* ¶ 3.)

On March 18, 2025, the Rosses filed a complaint against Norris in the Circuit Court for the City of Danville, alleging one cause of action: unlawful invasion of a near-relative's quasi-property rights in the remains of a deceased loved one. (*Id.* ¶¶ 8–11.) Norris removed the matter to this court on April 25, 2025.[1] (Not. of Removal [ECF No. 1].) Norris filed the

---

[1] Norris removed this action on the basis of diversity jurisdiction. *See* 28 U.S.C. 1332. (*See* Not. of Removal ¶ 4.) Under 28 U.S.C. § 1441(b)(2), the "forum-state defendant rule," "[a] civil action otherwise removable solely on the basis of the jurisdiction under [§ 1332] may not be removed if any of the parties in interest . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Because it is incorporated in and has its principal place of business in Virginia, Norris is a resident of Virginia. (*See* Not. of Removal ¶ 8.) Therefore, as a forum-state defendant, Norris committed procedural error by removing the action to federal court.

But "[a]lthough the United States Court of Appeals for the Fourth Circuit has yet to rule on this question, ten circuit courts have . . . found that removal by a forum defendant is a procedural defect, and thus waivable." *Forrest v. Green Tree Servicing, LLC*, No. CIV.A. ELH-13-1525, 2013 WL 3270447, at *5 n.4 (D. Md. June 25, 2013) (brackets in original) (quoting *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378 (N.D.W. Va. 2011)). "[A] district court may not remand, *sua sponte*, on the basis of a waivable, non-jurisdictional, procedural defect in removal." *Id.* at *5 n.4 (citing *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198–99 (4th Cir. 2008)). Here, the Rosses have waived the procedural defect by failing to file a motion to remand the

present motion to dismiss on June 18, 2025. (ECF No. 7.) The Rosses filed a response (ECF No. 9), and Norris did not file a reply within seven days, making this matter ripe for disposition.[2]

## II.  STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557). When evaluating the sufficiency of a complaint, the court is obligated to consider the factual allegations asserted in the complaint as well as any exhibits attached thereto. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing Fed. R. Civ. P. 10(c)).

---

case to state court within 30 days of the notice of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Accordingly, the court notes the procedural defect but, nevertheless, proceeds on the merits of Norris's motion.

[2] Neither party requested oral argument, and the court does not believe that oral argument would aid it in determining the legal issues presented in the motion.

### III.    DISCUSSION

In its motion to dismiss, Norris argues that, although Virginia recognizes a quasi-property right in a near relative's remains, the existence of such a right and "invasion" thereof is not a cause of action itself; "[r]ather, the possession and assertion of such rights are merely a prerequisite to standing in other tort causes of action." (Def.'s Mem. Supp. Mot. Dismiss at 4 [ECF No. 8] [hereinafter "Def.'s Mem."].) Norris asserts that even if the Rosses sufficiently alleged standing[3]—and, as a result, that Norris owed them a duty as the custodian of Mr. Ross's remains—"[t]he allegation of that duty alone . . . is not sufficient to create a cause of action[.]" (*Id.*) Norris further argues that the complaint does not allege "[n]egligence, [r]ecklessness, or [g]ross [n]egligence" as a count, and that, even if the Rosses intended to plead them, their allegations are insufficient to support a breach of duty by Norris, causation, or damages. (*Id.* at 4–5.)

The Rosses counter that, in the case *Sanford v. Ware*, the Supreme Court of Virginia recognized both a quasi-property right to a close relative's remains *and* an implied cause of action for the unlawful invasion of such right, such as "a breach of duty in respect to it." 60

---

[3] A plaintiff in a case such as this one alleges standing when he or she establishes that they are the decedent's next of kin:

> Any person within that class has the right to possess, preserve, or bury the dead body, and, in turn, those who have exercised those rights then would have standing to assert claims relating to the mishandling or mutilation of that body, including emotional distress allegedly suffered as a result thereof. In other words, standing is derivative of the exercised right to possess, preserve, and bury a corpse.

*Siver v. Rockingham Mem'l Hosp.*, 48 F. Supp. 2d 608, 612 (W.D. Va. 1999). Norris argues that "the possession and assertion of such rights are merely a prerequisite to standing in other tort causes of action[,]" or "[s]aid differently, … quasi-property rights in a decedent's remains creates a common law duty." (Def.'s Mem. Supp. Mot. Dismiss at 4 (citing *Cole v. JNO. M. Oakey, Inc.*, No. CL18-1817, 2019 WL 3955802, at *5 (Va. Cir. Mar. 9, 2019)).)

S.E.2d 10, 12 (Va. 1950). They also argue that they sufficiently pleaded negligence—*i.e.*, that Norris breached its duty with respect to their father's remains, and that Norris's wrongful conduct proximately caused their mental suffering. The court agrees with the Rosses.

The Supreme Court of Virginia has repeatedly recognized—in *Sanford* and in earlier cases—that the surviving kin of a deceased person have a right to preserve and bury his remains. *See Sanford*, 60 S.E.2d at 12; *Goldman v. Mollen*, 191 S.E. 627, 631 (Va. 1937); *Awtrey v. Norfolk & W. Ry. Co.*, 93 S.E. 570, 571 (Va. 1917). Additionally, in Virginia, "[i]t is well settled . . . that any interference with that right . . . is actionable." *Awtrey*, 93 S.E. at 571; *see also Sanford*, 60 S.E.2d at 12 ("[A]n action *ex delicto* will lie against a wrongdoer for the unlawful invasion of a near-relative's rights with respect to a dead body, such as committing an act of indignity upon it, or for a breach of duty in respect to it."). And finally, "compensation for mental suffering may be recovered . . . if such suffering is a natural and probable cause of the act." *Sanford*, 60 S.E.2d at 13. Accordingly, the court agrees with the Rosses that Virginia law recognizes their claim for "unlawful invasion of a near-relative's quasi-property rights in the remains of a deceased loved one."

But the Rosses must do more than assert their right to their father's remains and the existence of a duty on Norris's part (*see* Def.'s Mem. at 4); they must allege the breach of that duty and resulting damage to them. In *Sanford* and earlier cases, the Supreme Court of Virginia did not require a plaintiff to label explicitly the tort action arising from the interference with the quasi-property right to a loved one's remains. That court, and federal courts applying Virginia law, have analyzed the existence and invasion of such a right as a legal predicate for more typical causes of action such as negligence, intentional and negligent infliction of

emotional distress, and intentional and negligent mishandling of a corpse. *See, e.g.*, *Sanford*, 60 S.E.2d at 11 (stating that the plaintiff was suing to "recover damages for the negligent manner in which the defendant had disinterred the body of the plaintiff's husband from its resting place in a cemetery and reinterred it in another cemetery"); *Siver v. Rockingham Mem'l Hosp.*, 48 F. Supp. 2d 608, 609 (W.D. Va. 1999) (stating that the plaintiffs asserted claims of negligent handling of a corpse and intentional and negligent infliction of emotional distress); *Mazur v. Woodson*, 191 F. Supp. 2d 676, 678 (E.D. Va. 2002) (stating that the plaintiff alleged "intentional and negligent mishandling of a corpse"). This court will do the same here.

Like the plaintiff's in *Sanford*, the Rosses' cause of action sounds in negligence, and therefore—also like in *Sanford*—the Rosses must plead breach, proximate causation, and damages in addition to the existence of their right to control the disposition their father's remains. Norris contends they haven't, arguing that the facts the Rosses alleged in their complaint are merely "labels and conclusions" and "do not support any breach of duty by [Norris], any causal connection between the alleged acts or omissions of [Norris] and the alleged injuries of [the Rosses], or any injuries and damages[.]" (Def.'s Mem. at 5). The court disagrees.

The elements of negligence in Virginia are "a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of the injury, resulting in damage to the plaintiff." *Al-Saray v. Furr*, 910 S.E.2d 320, 324 (Va. 2025) (quoting *Blue Ridge Serv. Corp. v. Saxon Shoes, Inc.*, 624 S.E.2d 55, 62 (Va. 2006)). Here, as Norris conceded, the quasi-property right to make decisions regarding a near relative's remains creates a duty on the part of any third party who becomes responsible for the remains. (Def.'s Mem.

at 4); *see also Sanford*, 60 S.E.2d at 12 (noting that plaintiff alleged that "it was the defendant's duty to use due care in the aforementioned disinterment and reinterment"). Consequently, a third party's interference with that right is a breach of his or her duty. *See Sanford*, 60 S.E.2d at 12 ("[A]n action *ex delicto* will lie against a wrongdoer for the unlawful invasion of a near-relative's rights with respect to a dead body . . . for *a breach of duty in respect to it*." (emphasis added)); *Mazur*, 191 F. Supp. 2d at 681 ("Should a third party interfere with that right [to a loved one's remains] by withholding the body or mishandling the body, the family would have a cause of action against that party[.]").

    The Rosses' allegations, if true, would establish that they had a quasi-property right to make decisions regarding their father's remains because, as his children, they were his next of kin, and because, at the time of his cremation, no other person has qualified as the executor or administrator of his estate. (Compl. ¶ 1.) *See also Mazur*, 191 F. Supp. 2d at 682 (noting that the Virginia legislature created a "broad and coequal" class of individuals who have rights to a deceased's body); Va. Code Ann. § 54.1-2800 (defining "next of kin" to include "any person designated to make arrangements for the disposition of the decedent's remains upon his death . . . the legal spouse, child aged 18 years or older," among others). Further, the Rosses explained—and Norris conceded—that Ms. Amaya was neither a next of kin nor the Executor or Administrator of Mr. Ross's estate, and therefore, they were the sole individuals with the right to make decisions regarding their father's remains. As a result, the Rosses sufficiently alleged that Norris, as the custodian of Mr. Ross's remains, owed them a duty with respect to their right to make decisions regarding their father's remains.

As for the remaining negligence elements, the Rosses sufficiently alleged breach when they alleged that Norris

> should not have authorized Ken's self-identified "Friend" Sue Ann Amaya to authorize any decisions regarding Ken's remains, including whether to cremate or embalm them, and regarding memorial services . . . . [Norris] . . . acted with a reckless disregard for the rights and interests of Ken's children and other next of kin regarding the handling of Ken's remains and their final disposition at all times relevant.

(Compl. ¶ 4.) Moreover, the Rosses noted that Norris should have—but did not—require Ms. Amaya to provide proof that she was the Executor or Administrator of Mr. Ross's estate before entering into a contract with her to arrange funeral and cremation services.[4] (*Id.* ¶ 3.) These allegations are sufficient to demonstrate, at the threshold, that Norris interfered with the Rosses' right to make decisions as to their father's remains and, therefore, breached a duty owed to them.

The Rosses also sufficiently alleged the necessary causation. "In Virginia, an injury is proximately caused by a defendant's negligence if the injury is the natural and probable consequence of the negligence." *Russo v. United States*, 37 F. Supp. 2d 450, 452 (E.D. Va. 1999) (citing *Wyatt v. Chesapeake & Potomac Tel. Co.*, 163 S.E. 370, 372 (Va. 1932)). That is, "the injury should have been foreseen in the light of the attending circumstances." *Benedict v. Hankook Tire Co. Ltd.*, 286 F. Supp. 3d 785, 790 (E.D. Va. 2018) (quoting *Interim Pers. Cent. Va. v. Messer*, 559 S.E.2d 704, 408 (Va. 2002)). Borrowing language from *Sanford*, the Rosses stated in their complaint that

---

[4] Virginia law also authorizes other means of ensuring that the person purporting to have authority to make arrangements for a deceased body is so authorized. *See, e.g.*, Va. Code Ann. §§ 54.1-2807.03 & 54.1-2825.

> [i]t is a matter of common knowledge that near relatives . . . have the most tender feelings and emotions for the remains of their dead. From the nature of their calling and professional experience, as the defendant's licensed funeral directors and other professionals, including manager Richard Motley, Defendant's agent agents and employees should especially have been aware of this . . . and Defendant knew, or ought to have known . . . the family of the dead man, would naturally and probably suffer mental anguish if the defendant inflicted indignities upon the remains of Kenneth S. Ross; or prevented his children from participating in Ken's memorial services, or of even knowing the whereabouts of his remains after Defendant cremated them without legal authorization. As such, Defendant is liable for the mental suffering and other damages they proximately caused the plaintiffs to suffer.

(Compl. ¶ 10 (cleaned up).) These assertions are more than sufficient to allege a causal connection between Norris's alleged breach and the Rosses' injuries.

Finally, under *Sanford*, plaintiffs whose rights to their loved one's remains were invaded may recover for mental suffering alone, without the need to allege or prove pecuniary loss. 60 S.E.2d at 13–14. The Rosses sufficiently alleged in their complaint that they suffered emotional damages resulting from Norris's actions, thereby satisfying the final element of the tort. (*See, e.g.*, Compl. ¶¶ 5–6, 11 (stating that Norris's negligent conduct subjected them to "tremendous mental suffering and anguish").) Taken together, then, the Rosses' complaint contains all the necessary elements to make out a claim for negligence.

## IV. CONCLUSION

For the reasons discussed above, the Rosses' complaint sufficiently alleges negligence arising from Norris's interference with their right, under Virginia law, to make decisions regarding to care and disposition of their father's remains. Norris's motion to dismiss will be denied.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 19th day of December, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE
